```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  05-CR-386(01)(JMR/FLN)
                      09-CV-905(JMR)
```

United States of America    )
                            )
        v.                  )        ORDER
                            )
Robert Lee Williams         )


Robert Lee Williams petitions the Court for relief under 28 U.S.C. § 2255. The petition is denied.

I. Background

On October 25, 2005, Federal Drug Task Force officers obtained search warrants and performed a body search on Williams and searched his home. Having seized crack and powder cocaine from the body search, Williams was charged with possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Because the body search was conducted during the day in a police station parking lot, Williams claimed a violation of his rights under the Fourth Amendment. Williams moved to suppress evidence of the seized drugs, as well as his subsequent statements, as fruit of the poisonous tree.

On February 10, 2006, the Honorable Susan Richard Nelson, United States Magistrate Judge, recommended the Court deny Williams' motion. On May 4, 2006, this Court granted Williams' motion to suppress, having concluded a "deeply invasive bodily search, conducted during daylight hours, in a parking lot

susceptible to public view, mere yards from the privacy of the precinct station building" constituted an unreasonable search [Docket No. 38]. The government appealed, and the Eighth Circuit Court of Appeals reversed. See United States v. Williams, 477 F.3d 974, 977 (8th Cir. 2007).

Williams petitioned for rehearing, rehearing en banc, and certiorari from the United States Supreme Court. Having exhausted these options, Williams pleaded guilty on January 22, 2008.

The Court requested a Presentence Investigation Report, which set the advisory guideline imprisonment range between 63 and 78 months. Williams' counsel sought a 60-month sentence - the statute's mandatory minimum. On April 23, 2008, this Court sentenced Williams to 60-months imprisonment. Williams did not file a direct appeal.

On March 20, 2009, Williams filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He claimed ineffective assistance of counsel during plea negotiations where unconstitutional evidence, seized in violation of the Fourth Amendment, increased his sentence, and sought appointment of counsel.

II. Discussion

A. Fourth Amendment Violation

Under § 2255, a prisoner must demonstrate his sentence:

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Because Williams did not challenge the constitutionality of his sentence on direct appeal, he must show "either cause and actual prejudice, or that he is actually innocent." Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002). Williams does not claim actual innocence, and he demonstrates neither cause nor prejudice for his failure to raise Fourth Amendment concerns on direct appeal.

Where the Court apprised Williams of the Fourth Amendment issue, as well as his appeal rights, he cannot demonstrate cause for his failure to appeal. See Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992) ("Normally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief."). At sentencing, the Court acknowledged the Eighth Circuit's determination that the officers' search did not violate the Fourth Amendment. (Sent. Tr. 9.) The Court also reminded Williams of his right to appeal his sentence. (Sent. Tr. 14.) Williams, however, offers no explanation for his failure to appeal.

Beyond his failure to demonstrate cause, Williams does not suggest he suffered prejudice. To establish prejudice, Williams must show an error "worked to his actual and substantial

3

disadvantage." Johnson, 278 F.3d at 844. Apparently Williams disagrees with the Eighth Circuit's conclusion that the officers' search was reasonable. This disagreement, however, is not an assertion of prejudice. Because Williams' petition does not identify any prejudice, he is procedurally barred from raising his Fourth Amendment concerns.

B. <u>Ineffective Assistance of Counsel</u>

Williams also frames his Fourth Amendment claim as one of ineffective assistance of counsel. He argues he faced an increased sentence because his attorney failed to account for Fourth Amendment violations during plea negotiations.

Williams must show his counsel's representation fell below an objective standard of reasonableness resulting in prejudice. <u>Keys v. United States</u>, 545 F.3d 644, 646 (8th Cir. 2008). "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>United States v. Rice</u>, 449 F.3d 887, 897 (8th Cir. 2006) (quotations omitted). Where Williams' counsel aggressively litigated Fourth Amendment issues throughout the proceedings, Williams cannot show his counsel acted unreasonably or subjected him to any prejudice.

When the Eighth Circuit reversed this Court's order suppressing evidence, Williams' counsel sought a rehearing, rehearing en banc, and petitioned the Supreme Court for certiorari. There is no colorable argument counsel provided ineffective

4

assistance.  Williams has wholly failed to show any deficiencies in his counsel's performance.  As such, he cannot demonstrate that, "but for counsel's deficiency, there is a reasonable probability that the result of the proceeding would have been different." Champion v. United States, 319 Fed. App'x 443, 445 (8th Cir. 2009).

Finally, it should be noted that Williams' counsel successfully argued for a downward departure, obtaining a sentence below the suggested Guideline range, and the minimum available given the statutory mandatory minimum in his case.  As such, Williams has failed to show any defect in his counsel's representation.

C. Certificate of Appealability

The Court considers whether a Certificate of Appealability should be issued.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  Williams' motion is not reasonably subject to a different outcome on appeal.  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Under 28 U.S.C. § 2253(c)(2), an appeal may issue after final order in a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right."  Williams does not demonstrate the denial of any constitutional right, and this Court declines to issue a Certificate of Appealability.

III. Conclusion

For the foregoing reasons, Williams' petition is denied. Accordingly, IT IS ORDERED that:

1. Williams' motion for relief pursuant to 28 U.S.C. § 2255 is denied with prejudice [Docket No. 65].

2. Williams' motion for appointment of counsel is denied [Docket No. 71].

3. No Certificate of Appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 3, 2010

<pre>
                              S/JAMES M. ROSENBAUM
                              JAMES M. ROSENBAUM
                              United States District Judge
</pre>